76 F.3d 394
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William E. WASHINGTON, Plaintiff-Appellant,
v.
NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION; George
Jovan; Bendix Heavy Vehicle Systems Group;
Allied-Signal Corporation; Drive Train
Industries, Inc., Defendants-Appellees.
 No. 95-1160.
 United States Court of Appeals, Tenth Circuit.
 Feb. 9, 1996.
 
 Before PORFILIO, KELLY, and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, proceeding pro se, commenced an action alleging various antitrust and tort claims against the individual and corporate defendants. The district court granted dismissal of the individual defendants for lack of personal jurisdiction on November 21, 1994, and granted summary judgment in favor of the corporate defendants on March 22, 1995. Plaintiff appealed, alleging (1) the district court failed to address the First and Fourteenth Amendment claims alleged in the April 19, 1995 complaint; (2) the district court improperly dismissed the individual defendants for lack of personal jurisdiction; (3) the district court erred in granting summary judgment in favor of the corporate defendants and in dismissing his action; and (4) the district court erred in refusing admission of his certified list of exhibits pursuant to Fed.R.Civ.P. 56(e). Construing plaintiff's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we affirm.
 
 
 3
 The district court did not err in not considering the First and Fourteenth Amendment claims raised in plaintiff's proposed amended complaint of April 19, 1995. Plaintiff submitted this complaint after the district court had entered judgment and on the same day that he filed his notice of appeal and motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). The district court denied the request to file the amended complaint on May 31, 1995, as moot, and plaintiff has not appealed from this denial.
 
 
 4
 We review the district court's dismissal of the individual defendants for lack of personal jurisdiction de novo. Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop., 17 F.3d 1302, 1304 (10th Cir.1994). Also, we review the grant of summary judgment to the corporate defendants de novo applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994)(quoting Rule 56(c))(alteration in original), cert. denied, 115 S.Ct. 934 (1995).
 
 
 5
 Upon consideration of the briefs and record on appeal and relevant case law, we conclude the district court correctly dismissed the individual defendants for lack of personal jurisdiction and granted summary judgment for the corporate defendants. Accordingly, we affirm for substantially the reasons stated by the district court in its orders of November 21, 1994, and March 22, 1995.
 
 
 6
 Plaintiff's final argument, that the district court should have admitted his exhibits pursuant to Rule 56(e), is without merit. The district court granted defendants' motion to strike plaintiff's certified exhibit list as an inappropriate means of placing evidence before the court. The court, however, advised plaintiff that he could submit the evidence in response to defendants' motion for summary judgment, if the evidence was attached to his brief and if the brief made clear references to and explained the evidence. Rather than following the district court's direction, plaintiff instead improperly incorporated the stricken exhibits in his response to the motions for summary judgment. Because plaintiff did not comply with Rule 56(e), the district court did not err in failing to admit the exhibits.
 
 
 7
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Plaintiff's request for oral argument is DENIED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3